UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANDREW VOLPE,

                Petitioner,

      -against-

DOWNSTATE CORRECTIONAL FACILITY,

                Respondent.
------------------------------------------------------------X

MEMORANDUM
AND ORDER

06-CV-6181 (ENV)

VITALIANO, United States District Judge.

    Petitioner Andrew Volpe, currently incarcerated at Downstate Correctional Facility, brings this *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of a Queens County conviction rendered on September 19, 2006. Petitioner's request to proceed *in forma pauperis* is granted. The petition, however, is dismissed for the reason set forth below.

## Discussion

    Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1)(A), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)); see also Jackson v. Edwards, 404 F.3d 612, 618 (2d Cir. 2005) (same). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including the state court of last resort with discretionary review over its docket), thereby alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365-366; O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).



By order dated November 7, 2006, the Court dismissed petitioner's prior petition for habeas corpus relief filed on October 24, 2006, challenging the same conviction as premature because petitioner had not exhausted his state court remedies. On November 8, 2006, petitioner filed this petition for habeas corpus relief challenging the same conviction, apparently unaware that this Court had concluded that his prior petition was premature. In the instant petition, Volpe alleges that he appealed his conviction, but does not provide the date of the state court decision. See Petition at ¶ 9; Exhibit, "Notice of Appeal" titled for the Supreme Court of the State of New York dated October 9, 2006. As of the date of the filing of this petition, Volpe's appeal of his criminal conviction still appears to be pending before the state courts. Because the state courts have not had an opportunity to consider petitioner's claims before he commenced this petition in federal court, the instant petition is prematurely filed.[1]

Petitioner is advised that he may only seek federal review of his conviction once he has exhausted his state court remedies, i.e., once the state courts have issued decisions on his appeals. Petitioner is further advised that any new petition must contain the specific grounds for federal review. In the instant application, for example, petitioner fails to set forth the grounds on which he claims he is being held in violation of the Constitution, laws, or treaties of the United States.

---

[1] Petitioner is further advised that a **one-year period of limitation applies to an application for a writ of habeas corpus by person in custody pursuant to the judgment of a state court.** The limitation period runs from the latest of: (a) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (b) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1) (emphasis added).

## Conclusion

Accordingly, the petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed, without prejudice, to renewal upon the exhaustion of the remedies available in the courts of the State of New York. 28 U.S.C. § 2254(b)(1)(A). As petitioner has not made a substantial showing of the denial of constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
November 29, 2006